IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

CAROLYN R. MULANAX                                                                                    PLAINTIFF

vs.                                                Civil No. 05-5003

JO ANNE B. BARNHART,
Commissioner, Social Security Administration                                                          DEFENDANT

## MEMORANDUM OPINION

**Factual and Procedural Background:**

Carolyn Mulanax (hereinafter "Plaintiff"), has appealed the final decision of the Commissioner of the Social Security Administration (hereinafter "Commissioner"), denying her application for disability and disability insurance benefits (hereinafter "DIB"), pursuant to *§§ 216(i) and 223* of Title II of the Social Security Act (hereinafter "the Act"), *42 U.S.C. §§ 416(i) and 423*. In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *42 U.S.C. § 405(g)*.

Plaintiff filed her appeal on January 5, 2005 (Doc. #1). The procedural history of the administrative proceedings is contained in the appeal briefs submitted by the parties (Doc. #7 and 8), and will not be recounted herein, except as is necessary.

Plaintiff alleges that she is disabled due to: degenerative joint disease; history of multiple, bilateral knee surgeries; recurrent major depression; somatoform disorder; personality disorder; anxiety; history of wrist fracture; loss of grip strength; knees buckling bilaterally, resulting in falls; ulcers; hypothyroidism; pain; numbness; cramping in hands bilaterally; memory loss; loss of concentration; inability to sleep; tendonitis; swelling; weakness; gastroesophageal reflux disease; amenorrhea; hearing loss in the right ear; and, borderline

intellectual functioning with a full scale IQ of 79.

Plaintiff asserts that the Administrative Law Judge (hereinafter "ALJ"), erred in rendering a decision finding Plaintiff not disabled (Doc. #1 & 7; T. 13-24).

The Plaintiff's administrative hearing was conducted by Administrative Law Judge Edward M. Star (hereinafter "ALJ"), on April 15, 2004 (T. 193-221), after which the ALJ rendered his written decision, dated July 27, 2004 (T. 13-24).

On September 27, 2004, Plaintiff sought review of the ALJ's decision by the Appeals Council (T. 9). On October 29, 2004, the Appeals Council denied Plaintiff's request for review, thereby making the decision of the ALJ the final decision of the Commissioner (T. 4-8). Plaintiff now appeals the adverse decision of the Commissioner to the United States District Court for the Western District of Arkansas (Doc. #1). This matter is before the undersigned by consent of the parties (Doc. #4).

**Applicable Law:**

Our role on review is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See Prosch v. Apfel, 201 F.3d 1010, 1012 (8th Cir. 2000); see also Craig v. Apfel 212 F.3d 433, 435-436 (8th Cir. 2000).* Substantial evidence is relevant evidence that a reasonable mind would accept as adequate to support the Commissioner's conclusion. *See Haggard v. Apfel, 175 F.3d 591, 594 (8th Cir. 1999).* In considering whether existing evidence is substantial, we consider evidence that detracts from the Commissioner's decision as well as evidence that supports it. *See Prosch, 201 F.3d at 1012.* We may not reverse the Commissioner's decision merely because substantial evidence exists in the record that would have supported a contrary outcome. *See id.; Woolf v. Shalala, 3 F.3d*

AO72A
(Rev. 8/82)

1210, 1213 (8th Cir. 1993). Even if this Court might have weighed the evidence differently, the decision of the ALJ may not be reversed if there is enough evidence in the record to support the decision. *Browning v. Sullivan, 958 F.2d 817, 822 (8th Cir. 1992).*

The Commissioner has established, by regulation, a five-step sequential evaluation for determining whether an individual is disabled.

The first step involves a determination of whether the claimant is involved in substantial gainful activity. *20 C.F.R. § 416.920(b).* If the claimant is so involved, benefits are denied; if not, the evaluation goes to the next step.

Step two involves a determination, based solely on the medical evidence, of whether claimant has a severe impairment or combination of impairments. *Id., § 416.920(c); see 20 C.F.R. § 416.926.* If not, benefits are denied; if so, the evaluation proceeds to the next step.

The third step involves a determination, again based solely on the medical evidence, of whether the severe impairment(s) meets or equals a listed impairment which is presumed to be disabling. *Id., § 416.920(d).* If so, benefits are awarded; if not, the evaluation continues.

Step four involves a determination of whether the claimant has sufficient residual functional capacity, despite the impairment(s), to perform past work. *Id., § 416.920(e).* If so, benefits are denied; if not, the evaluation continues.

The fifth step involves a determination of whether the claimant is able to perform other substantial and gainful work within the economy, given the claimant's age, education and work experience. *Id., § 404.920(f).* If so, benefits are denied; if not, benefits are awarded.

In addition, whenever adult claimants allege mental impairment, the application of a special technique must be followed at each level of the administrative review process. See *20*

AO72A
(Rev. 8/82)

C.F.R. § 416.920a(a).

The Commissioner is then charged with rating the degree of functional limitation, and applying the technique to evaluate mental impairments. See *20 C.F.R. § 416.920a(d)*. Application of the technique must be documented by the Commissioner at the ALJ hearing and Appeals Council levels. See *20 C.F.R. § 416.920a(e)*.

**Discussion:**

On appeal, Plaintiff argues that the Commissioner failed to: properly assess Plaintiff's subjective complaints of pain pursuant to *Polaski v. Heckler, 739 F.2d 1320, 751 F.2d 943 (8th Cir. 1984)*; properly discount the opinion of the consultative psychiatric physician; consider Plaintiff's lack of financial means with which to obtain medical treatment and/or prescription medication; fully and fairly develop the record, particularly with respect to Plaintiff's medical treatment for her wrist; and, carry her burden at step five of the sequential analysis by relying on the Medical Vocational Guidelines (hereinafter the "grids"), rather than obtaining testimony from a vocational expert (hereinafter "VE") (Doc. #7, pp. 6, 8, 9, 10, 12). Based upon a thorough review of the administrative record, the undersigned finds that many of Plaintiff's arguments have merit.

We will first consider the argument that the ALJ erred by his failure to obtain or rely on the testimony of a vocational expert at step five of the sequential analysis. This argument necessarily involves analysis of whether the ALJ conducted a proper analysis of Plaintiff's exertional and nonexertional impairments.

A claimant has the burden of proving that she does not have the residual functional capacity to perform her past relevant work. *Beckley v. Apfel, 152 F.3d 1056, 1059 (8th Cir.*

AO72A
(Rev. 8/82)

*1998); see Reed v. Sullivan, 988 F.2d 812, 815 (8th Cir. 1993).* Once she has met her burden at step four of the sequential analysis, the burden shifts to the Commissioner to prove that claimant can perform an alternative type of gainful employment. See *Beckley at 1059.* To fulfill this burden, the ALJ may refer to the medical-vocational guidelines or "grids" which are fact-based, generalized lists of available jobs for people of varying ages, educational backgrounds, and previous job experience. The "grids" also take into account the various degrees of exertional impairment. See *Beckley at 1059; see also Foreman v. Callahan, 122 F.3d 24, 25 (8th Cir. 1997).* "Reliance on the grids is 'predicated on an individual's having an impairment which manifests itself by limitations in meeting the strength requirements of jobs' and therefore 'may not be fully applicable where the nature of an individual's impairment does not result in such limitations'" *Beckley at 1059*, (quoting *Foreman* and *20 C.F.R. Pt. 404, Subst. P, App.2, § 200.00(e))*.

When a claimant's nonexertional impairments diminish her residual functional capacity to perform the full range of work set forth in the guidelines, an ALJ must produce expert vocational testimony to establish there are jobs available in the national economy which Plaintiff is able to perform, in light of her exertional and nonexertional limitations. *Sanders v. Sullivan, 983 F.2d 822, 823 (8th Cir. 1992)(citing Thompson v. Bowen, 850 F.2d 346, 349-50 (8th Cir. 1988)).* Nonexertional limitations include: difficulty functioning due to being nervous, anxious, or depressed; difficulty maintaining attention or concentrating; difficulty understanding or remembering detailed instructions; difficulty seeing or hearing; difficulty tolerating some physical feature(s) of certain work settings (e.g., dust or fumes); difficulty performing the manipulative or postural functions of some work such as reaching, handling,

AO72A
(Rev. 8/82)

stooping, climbing, crawling, or crouching. *20 C.F.R. §§ 404.1569 and 416.969a(c)*. Pain is a nonexertional limitation. *Cline v. Sullivan, 939 F.2d 560, 565 (8th Cir. 1991)*.

In determining whether the ALJ properly disregarded Plaintiff's subjective complaints, the Court must determine if the ALJ properly followed the requirements of *Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984)* (subsequent history omitted)*,* in evaluating her pain and credibility.

> The absence of an objective medical basis which supports the degree of severity of subjective complaints alleged is just one factor to be considered in evaluating the credibility of the testimony and complaints. The adjudicator must give full consideration to all of the evidence presented relating to subjective complaints, including the claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as:
>
>    1. the claimant's daily activities;
>    2. the duration, frequency and intensity of the pain;
>    3. precipitating and aggravating factors;
>    4. dosage, effectiveness and side effects of medication;
>    5. functional restrictions.
>
> The adjudicator is not free to accept or reject the claimant's subjective complaints <u>solely</u> on the basis of personal observations. Subjective complaints may be discounted if there are inconsistencies in the evidence as a whole.

*Polaski v. Heckler, 739 F.2d at 1322 (emphasis in original)*.

However, in addition to the requirement that the ALJ consider the Plaintiff's allegations of pain, the ALJ also has a statutory duty to assess the credibility of plaintiff and other witnesses. *Nelson v. Sullivan, 966 F.2d 363, 366 (8th Cir. 1992)*. The ALJ may discredit subjective complaints of pain inconsistent with the record as a whole. *Ownbey v. Shalala, 5 F.3d 342, 344 (8th Cir. 1993)*.

Plaintiff seeks DIB benefits (T. 46-48). The relevant time period for purposes of her

application for DIB benefits begins with her alleged onset date of disability, which was amended to be October 1, 2001 (T. 46, 197). The relevant time period ends on the date of the ALJ's decision, July 27, 2004 (T. 13-24).

Plaintiff's past relevant work consisted of being a lineworker at Rockline Industries, a dispatcher/secretary and a cashier (T. 21). At step four of the sequential analysis, the ALJ determined that Plaintiff has the residual functional capacity to perform the exertional requirements of a "full range of sedentary work" yet "unfit for work that requires squatting or the climbing of stairs or ladders" (T. 19-20). The ALJ also determined that Plaintiff no longer maintained the residual functional capacity to perform her past relevant work (T. 21). Thus, the analysis proceeded to the fifth step, where the burden of proof shifted to the Commissioner (T. 21). At step five of the sequential analysis, the ALJ relied on the Medical-Vocational Guidelines to determine that Plaintiff was not disabled (T. 21-24).

The ALJ determined that Plaintiff suffers from nonexertional functional limitations. Specifically, the ALJ notes that Plaintiff is "unfit" to perform the postural limitations of squatting and climbing (T. 18-19). Likewise, with his decision, the ALJ recognizes the need to conduct an evaluation and analysis of Plaintiff's nonexertional impairments pursuant to *Polaski*, yet he failed to do so. The mere mention of the *Polaski* decision is not sufficient to satisfy the dictates of the decision (T.18). The ALJ's failure to conduct the proper analysis with respect to Plaintiff's alleged nonexertional impairments was error.

Despite finding that Plaintiff's residual functional capacity was diminished by her

AO72A
(Rev. 8/82)

nonexertional impairments[1], the ALJ relied on the grids rather than VE testimony at step five of the sequential analysis. This is error. The ALJ found that Plaintiff can no longer perform her past relevant work, and that the record plainly establishes substantial evidence of nonexertional impairments, namely the inability to squat or climb. Therefore, the ALJ should have relied upon VE testimony. Such testimony would necessarily include answers to hypothetical questions which reflect the ALJ's findings with respect to Plaintiff's residual functional capacity, including the nonexertional impairments which the ALJ determined to be supported by substantial evidence.

Plaintiff alleged, and the ALJ conceded that she experiences an inability to squat and climb (T. 18-19). The ALJ's failure to give little or no mention to Plaintiff's complaints of pain, loss of concentration, memory loss, numbness, and muscle spasms, indicates that the ALJ failed to adequately consider/analyze these factors, which constitutes error. The ALJ clearly has a duty to produce a decision with a complete evaluation of Plaintiff's subjective complaints. Here, the ALJ's decision is in error because he: failed to properly evaluate Plaintiff's credibility; failed to properly evaluate Plaintiff's subjective complaints; failed to comply with the requirements of *Polaski*; and, failed to obtain the testimony of a vocational expert. Therefore, this case should be remanded.

Upon remand, there are other issues which should be considered by the ALJ. The opinion of the consultative psychiatric examiner was improperly disregarded. Upon remand, the ALJ should reconsider his reasoning in disregarding the only examining psychiatric opinion of

---

[1]The ALJ stated that Plaintiff is "unfit for work that requires squatting or the climbing of stairs or ladders" (T. 18-19) when determining that she is capable of performing a "wide range of sedentary work" (T. 18).

AO72A
(Rev. 8/82)

record. Likewise, the ALJ should explain what, if any, effect Plaintiff's lack of financial means had on her failure to seek treatment and/or take medication. At the time of the hearing, the Plaintiff was homeless. She was living in her car and a friend's address was being used as her mailing address (T. 200, 208, 209).

The undersigned acknowledges that the ALJ's decision may be the same after proper analysis. Nonetheless, proper analysis must occur. *Groeper v. Sullivan, 932 F.2d 1234, 1239 (8th Cir. 1991).*

**Conclusion:**

Accordingly, we conclude that the decision of the Commissioner denying benefits to the Plaintiff, is not supported by substantial evidence and should be reversed. This matter should be remanded for proceedings consistent with this decision.

ENTERED this 25th day of January, 2006.

/s/Bobby E. Shepherd
Honorable Bobby E. Shepherd
United States Magistrate Judge

AO72A
(Rev. 8/82)